UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| COUNTRY INNS & SUITES BY CARLSON, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>vs.<br><br>3 AM, LLC, a Maryland corporation; KIRAN PATEL, a Virginia resident; and MANJULA PATEL, a Virginia resident,<br><br>Defendants. | CASE NO. 14-cv-03126 (MJD-FLN)<br><br>**ORDER FOR PRELIMINARY INJUNCTION** |

Kirk W. Reilly, Craig P. Miller and Richard Landon, Gray, Plant, Mooty, Mooty & Bennett, P.A., Counsel for Plaintiff.

This matter is before the Court on Plaintiff's unopposed motion for preliminary injunctive relief.

## I.   Background

Plaintiff Country Inns & Suites By Carlson, Inc. franchises mid-scale hotels that are defined by their commitment to consistently high quality accommodations and hospitality. Plaintiff owns the trademarks Country Inn & Suites By Carlson, Country Inns & Suites and other marks and trade dress displayed throughout its licensed Country System Hotels. (Mark Owens Decl. ¶

8, Ex. A.)  Plaintiff obtained federal trademark registration for the words "Country Inn & Suites By Carlson" and "Country Inn & Suites" and for distinctive signage.  (Id.)

Plaintiff asserts its Country System Hotels are characterized by a unique system that includes a distinctive exterior and interior design, decor, color scheme and furnishings.  (Id. ¶ 11.)  Since 1992, Plaintiff has spent $185 million promoting and advertising its Country System Hotels.  (Id. ¶ 13.)  Plaintiff asserts that as a result of advertising and the number of hotels it operates throughout the country, the Country System Hotels have become associated in the minds of consumers with hotels of high quality.  (Id. ¶ 15.)

Plaintiff and Defendant 3 AM LLC entered into a license agreement effective February 3, 2004 (the "License Agreement") granting 3 AM LLC the non-exclusive license to construct and operate a guest lodging facility located at 8850 Hampton Mall Drive North, Capitol Heights, MD 20743 (the "Hotel") using Country Marks and Business Systems for a period of 15 years.  Around this time, Defendants Kiran and Manjula Patel entered into a Personal Guaranty of License Agreement pursuant to which they each guaranteed, in part, that they would

timely perform all of 3 AM LLC's post-termination obligations upon termination or expiration of the License Agreement.  (Id. ¶ 17, Ex. C.)

Plaintiff asserts that on June 18, 2013, after Defendants repeatedly failed to cure a number of monetary and system standard defaults under the License Agreement, Plaintiff and 3 AM LLC entered into a Termination Agreement pursuant to which they mutually agreed to terminate the License Agreement on September 30, 2013.  (Id. ¶¶ 18-19, Ex. D.)  The Termination Agreement was later amended to terminate on February 28, 2014.  (Id. ¶ 20, Ex. D.)

Plaintiff sent 3 AM LLC a letter dated April 16, 2014 to remind Defendants that the License Agreement had been terminated and to demand payment of past due fees in the amount of $90,033.32 and liquidated damages of $302,661.48.  (Id. ¶ 24, Ex. E.)  Plaintiff also informed Defendants that an inspection of the Hotel revealed that 3 AM LLC was still displaying and using Plaintiff's marks and had failed to comply with its post-termination obligations.  (Id. ¶ 25.)

Plaintiff claims that Defendants have still not complied with its post-termination obligations.  (Id. ¶ 27.)  During visits to the Hotel in July and August 2014, a representative of Plaintiff found that Defendants are still displaying and

using Plaintiff's marks and have failed to perform the de-identification requirements set forth in the License Agreement.  (Id. ¶¶ 28-29, Exs. F-H.)

Plaintiff argues that as the Hotel operated as a Country Inn & Suites for 11 years, the public is confused when it sees the Country marks on the Hotel, believing that the Hotel continues to be sponsored by Plaintiff.  Plaintiff further argues it will suffer irreparable harm to its Hotel System and customer goodwill each day that Defendants wrongfully suggest an association between their Hotel and Plaintiff's County System Hotels.

## II.   Standard for Preliminary Injunctive Relief

The law is well-settled that in order to obtain preliminary injunctive relief, a plaintiff must show a likelihood of irreparable harm in the absence of the injunction.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  The Court also considers the balance between such harm and the injury that granting the injunction will inflict on other parties, Plaintiff's likelihood of success on the merits, and the public interest.  Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

### A.     Likelihood of Success on the Merits

To establish trademark infringement, Plaintiff must demonstrate that its mark is valid and that the alleged infringer's mark is likely to cause confusion in the marketplace or deceive customers.  15 U.S.C. § 1114(1); <u>Country Inn & Suites By Carlson, Inc. v. Two H.O. P'ship</u>, 2001 U.S. Dist. LEXIS 20186, at *5 (D. Minn. Nov. 19, 2001) (citing <u>Gen. Mills, Inc. v. Kellogg, Co.</u>, 824 F.2d 622, 626 (8th Cir. 1987)).

Plaintiff's marks are the subject of multiple federal registrations, therefore their validity is presumed.  15 U.S.C. § 1115(a).

The Court further finds that Plaintiff has demonstrated that Defendants' continued use of its marks is likely to cause confusion as Defendant 3 AM LLC is a former franchisee who continues to use the franchisor's marks.  <u>Downtowner/ Passport Int'l Hotel Corp. v. Norlew, Inc.</u>, 841 F.2d 214, 219 (8th Cir. 1988); <u>Buffalo Wild Wings Int'l, Inc. v. Grand Canyon Equity, LLC</u>, 829 F. Supp. 2d 836, 842 (D. Minn. 2011).

Plaintiff has also demonstrated a likelihood of success on its claim of false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants' unauthorized use of the Country marks constitutes

false designation or origin and constitutes passing off of goods as those of another. The confusion that results from such conduct is the sort of harm that the laws are designed to protect. See WSM, Inc. v. Hilton, 724 F.2d 1320, 1331 (8th Cir. 1984).

### B. Irreparable Harm

This factor requires a party seeking preliminary injunctive relief to "show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Iowa Util. Bd. v. F.C.C., 109 F.3d 418, 425 (8th Cir. 1996). "It is also well settled that economic loss does not, in and of itself, constitute irreparable harm. . . . Recoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the [petitioner]'s business." Packard Elevator v. I.C.C., 782 F.2d 112, 115 (8th Cir. 1986).

Loss of goodwill can constitute irreparable harm. Iowa Util. Bd., 109 F.3d at 425; see also Medicine Shoppe Intern. v. S.B.S. Pill Dr., Inc., 336 F.3d 801, 805 (8th Cir. 2003) (finding that plaintiff had presented sufficient evidence to show that de-identification of a pharmacy creates consumer confusion and erodes

consumer confidence.)  "Harm to reputation and goodwill is difficult, if not impossible, to quantify in terms of dollars." Id.

Many courts have found that the loss of goodwill toward a business or franchise constitutes irreparable harm.  See PP&K, Inc. v. McCumber, 1995 WL 46207, at *3 (7th Cir. Feb. 6, 1995); Advantus Capital Mgmt., Inc. v. Aetna, Inc., 2006 WL 2916840, at *5 (D. Minn. Oct. 11, 2006).

Once a party has demonstrated likelihood of success of confusion in trademark infringement, unfair competition and dilution cases, it is presumed that irreparable harm will ensue if injunctive relief is not granted.  Country Inns & Suites By Carlson, Inc., 2011 U.S. Dist. LEXIS 20186 at *4.

Even without a presumption, it is clear that Plaintiff continues to suffer irreparable harm each day that Defendants operate the Hotel using Plaintiff's marks.  Customers may patronize the Hotel believing it to be licensed from Plaintiff's System Hotels.  Plaintiff also loses control over the use of its marks.  Plaintiff is concerned that a customer who is dissatisfied with the quality of Defendant's Hotel may wrongfully attribute that negative experience to Plaintiff's entire Country hotel system.

## C. Public Interest

The public interest will be served by protecting contractual rights. See eg., St. Jude Med. S.C., Inc. v. Ord., 2009 WL 973275, at *6 (D. Minn. Apr. 10, 2009); Smart & Co., Inc. v. Food Sys. Global Co. Ltd., 2008 WL 4381679, at *7 (D. Minn. Sept. 26, 2008). This factor weighs in favor of the requested injunctive relief.

## D.   Balance of Harms

Generally, the Court must balance the hardships of the parties when determining whether to grant injunctive relief. However, where the infringer's conduct has been willful, no such balancing need be conducted. Helene Curtis Indus., Inc. v. Church & Dwight Co., Inc., 560 F.2d 1325, 1333 (7th Cir. 1977). Plaintiff has demonstrated that Defendants deliberately continue to use Plaintiff's marks in an effort to suggest a continued association. This factor weighs in favor of injunctive relief as well. See Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 596 (3d Cir. 2002).

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunctive Relief [Doc. No. 5] is **GRANTED**;

Defendants 3 AM, LLC, Kiran Patel and Manjula Patel ("Defendants"), their officers, directors, shareholders, members and/or partners, beneficial owners, investors, employees, consultants, representatives and agents, and those acting in concert or participation with it, are HEREBY ordered to immediately:

(1) Cease and desist from using or employing any of Country's trademarks or trade dress, or any other name, designation, or mark which is deceptively or confusingly similar to, or likely to cause confusion with, any of Country's trademarks and trade dress in connection with the operation, promotion, or advertising of any business, including the Hotel (as that term is defined in the Complaint);

(2) Remove from the Hotel, or any other location owned and operated by Defendants, any interior and exterior signage or advertising materials bearing Country's trademarks; and

(3) Cease and desist from using any of Country's trade dress, and from otherwise engaging in unfair competition with Country.  Without limiting the generality of the foregoing, Defendants must remove signage bearing any of Country's Marks.

Defendants are further ordered to file with the Court and serve on Country within fifteen (15) days from the date of this Order a written report, under oath, setting forth in detail the manner and form in which it has complied with this injunction.

The Court has considered the amount of security necessary to secure the preliminary injunction granted to Country.  The Court concludes that Country need not post a bond or other security with respect to this injunction, as Country has shown a high likelihood of success on the merits of its claims and the parties previously agreed that no security would be required to obtain injunctive relief under the License Agreement.


Dated:  <u>October 24, 2014</u>.         s/Michael J. Davis
                                         Michael J. Davis
                                         Chief Judge
                                         United States District Court