UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| COUNTRY INNS & SUITES BY CARLSON, INC., a Minnesota corporation, | ) ) ) ) | CASE NO. 14-cv-03126 (MJD-FLN) |
| Plaintiff, | ) ) | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF DEFAULT JUDGMENT AND AWARD OF ATTORNEYS' FEES AND COSTS AGAINST DEFENDANTS** |
| vs. | ) ) | |
| 3 AM, LLC, a Maryland corporation; KIRAN PATEL, a Virginia resident; and MANJULA PATEL, a Virginia resident, | ) ) ) ) ) | |
| Defendants. | ) | |

_____

The above-entitled matter came on before the Court upon Plaintiff Country Inns & Suites By Carlson, Inc.'s ("Country") motion for entry of default judgment against Defendants 3 AM, LLC, Kiran Patel and Manjula Patel ("Defendants") [Doc. 41] and request for an award of attorneys' fees and costs under Rule 55 of the Federal Rules of Civil Procedure. The Court, having carefully reviewed Country's motion and all of the files, pleadings and proceedings herein, makes the following FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDER FOR JUDGMENT:

## FINDINGS OF FACT

**A.     Parties**

1.     Country is a corporation organized under the laws of the state of Minnesota with its principal place of business located at 701 Carlson Parkway, Minnetonka, Minnesota.

2. Country is the franchisor of the Country Inn & Suites By Carlson® hotel system. Country Inn & Suites By Carlson® System Hotels ("Country Inn & Suites System Hotels") operate under license agreements with Country.

3. Defendant 3 AM, LLC is a limited liability corporation organized under the laws of the state of Maryland with its principal place of business located at 1511 Southern Springs Lane, Suite 900, Upper Marlboro, MD 20774.

4. Defendant Kiran Patel is a Maryland citizen with a last known address of 8850 Hampton Mall Drive North, Capitol Heights, MD 20743.

5. Defendant Manjula Patel is a Maryland citizen with a last known address of 8850 Hampton Mall Drive North, Capitol Heights, MD 20743.

6. Defendants Kiran Patel and Manjula Patel are the sole members of Defendant 3 AM, LLC.

**B.    The COUNTRY INN & SUITES BY CARLSON® License Agreement and Personal Guaranty**

7. Country and 3 AM, LLC entered into a License Agreement with an effective date of February 3, 2004 (the "License Agreement") granting 3 AM the non-exclusive license to construct and operate a guest lodging facility located at 8850 Hampton Mall Drive North, Capitol Heights, MD 20743 (hereinafter the "Hotel") for a period of 15 years.

8. At or about the same time that 3 AM and Country executed the License Agreement, Kiran Patel and Manjula Patel entered into a Personal Guaranty of License Agreement (the "Personal Guaranty") and each guaranteed to Country that they would

make full and prompt payment to Country of all fees, charges, payments, and amounts due or payable to Country and its affiliates under the License Agreement and any amendments thereto, or which arise out of or are related to the License Agreement, and any amendments thereto.

**C.    The Termination Agreement and Amounts Due**

9.    Beginning in September 2012, 3 AM began defaulting on its monthly payments obligations to Country and its obligations to comply with Country's system standards.  With respect to the system standard defaults, 3 AM repeatedly failed to receive passing scores during Quality Performance Reviews conducted by Country (the "QPR Defaults").  Despite being granted numerous extensions of time to cure the monetary defaults and QPR Defaults over a period of nine months, 3 AM failed to do so.

10.    On June 18, 2013, Country and 3 AM entered into a Termination Agreement pursuant to which they mutually agreed to terminate the License Agreement on September 30, 2013 (the "Termination Date").  The Termination Date was ultimately extended to February 28, 2014.

11.    Under the terms of the License Agreement, Termination Agreement, and Personal Guaranty, Defendants owe Country past due fees Royalty Fees, Marketing Fees, and related fees, as well as liquidated damages.  Despite their obligations to do so, Defendants have failed to pay Country the amounts due.

12.    Defendants owe Country a total of $243,657.39, as follows: (a) $99,510.21 for past due fees; and (2) $144,147.1 for liquidated damages, as allowed under Article 17.4 of the License Agreement and the Termination Agreement.

**D.      Defendants Failed to Answer or Otherwise Respond to the Complaint**

13.     Country commenced this action by filing its Complaint on August 8, 2014.

14.     Defendants were each served with the Summons and Complaint August 18, 2014, in accordance with the Federal Rules of Civil Procedure.

15.     The time allowed by law, as provided for under the Federal Rules of Civil Procedure, for Defendants to answer the Complaint in this action has elapsed, and no answer or other pleading has been received by or served upon Country or its attorneys.

16.     The Clerk of Court entered a default against Defendants on September 15, 2014.

17.     Defendants Kiran Patel and Manjula Patel were not at the time of the commencement of this action, nor for three months prior thereto, in the military service of the United States.  Defendants Kiran Patel and Manjula Patel are over the age of 18.

**E.      Country is Entitled to Its Attorneys' Fees and Costs**

18.     Pursuant to Article 25.13 of the License Agreement and paragraph 13 of the Termination Agreement, as well as the Personal Guaranty, Defendants are required to pay Country its reasonable attorneys' fees and costs incurred in enforcing the provisions of the License Agreement and Termination Agreement.

19.     The attorneys' fees and costs billed in this matter by the Gray Plant Mooty law firm are reasonable and comparable to the rates charged by law firms of similar size and stature in the Minneapolis area for attorneys with similar levels of experience.  The rates that GPM charged to Country are also less than, or the same as, those charged by

other attorneys around the United States who practice nationally in the area of franchise law.

20.     The Court has reviewed the original time records submitted by the law firm of Gray Plant Mooty in this matter and has determined that the work performed was for the benefit of Country and necessary for the proper representation of Country.

21.     Country is entitled to an award of attorneys' fees and costs in the amount of $41,954.73.

## CONCLUSIONS OF LAW

1.     Defendants have failed to answer or otherwise respond to the Complaint in accordance with the Federal Rules of Civil Procedure and have made no appearance in this case.

2.     Defendants are, therefore, in default.

3.     Country is entitled to past due fees and liquidated damages in the amount of $243,657.39, exclusive of interest.

4.     Country is entitled to an award of the attorneys' fees and costs that has incurred in this matter in the amount of $41,954.73.

5.     Country is entitled to a total judgment against Defendants, jointly and severally, in the amount of $285,612.12, exclusive of interest.

## **ORDER FOR JUDGMENT**

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:   March 4, 2016.                     BY THE COURT:


                                            s/ Michael J. Davis
                                            Michael J. Davis
                                            United States District Court

                                            Civil No. 14-3126